REICH *v.* STATE HIGHWAY COMMISSIONER.

1. COURTS—PROCEDURE—COURT OF CLAIMS—NOTICE.
    Notice of intention to file claim against State for damage to real property, used for dairy farm, caused by flooding of surface waters due to highway construction, and removal of fences and trees by highway department, must be filed within 6 months after cause of action accrues, but need not be verified (CLS 1961, § 600.6431).

---

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 49 Am Jur, States, Territories, and Dependencies § 96 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 1009.

2. SAME—COURT OF CLAIMS—TORT CLAIMS—PROPERTY DAMAGE—STATUTES.

> Plaintiff's contention in action against State for damages to real property that provision as to notice of intention to file claim in court of claims act is applicable only to tort actions *held,* incorrect, as plaintiffs have suffered "property damage" and by specific wording of the statute "property damage" is controlled by such provision and adoption of plaintiffs' contention would enable plaintiff to avoid the 6-months' filing requirement of the provision (CLS 1961, § 600.6431).

3. SAME—PROCEDURE—COURT OF CLAIMS—NOTICE—TIME OF CAUSE OF ACTION.

> Notice of intention to file a claim against State for damage to real property *held,* not to comply with the minimum statutory requirements, where the notice did not contain an affirmative statement that "the happening of the event giving rise to the cause of action" arose within 6 months prior to the date of notice, the notice was filed some 29 months after acquisition of the land by the State, and no further date was referred to as to the time on which the events occurred which gave rise to the cause of action (CLS 1961, § 600.6431).

4. COSTS—COURT OF CLAIMS—PUBLIC QUESTION.

> No costs are awarded in appeal from dismissal of action against State for damages to real property caused by highway construction, where a defective notice of intention to file a claim was filed, a public question being involved (CLS 1961, § 600.6431).

Appeal from Court of Claims; Peterson (William R.), J. Submitted Division 2 June 3, 1966, at Lansing. (Docket No. 743.) Decided January 10, 1967.

Complaint by Albert R. Reich and Marion Reich against the State of Michigan and John C. Mackie, State Highway Commissioner, for damage to land caused by activities of defendant on adjacent land in course of highway construction. Accelerated judgment for defendants. Plaintiffs appeal. Affirmed.

*Kenneth A. Fricke,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *Burton P. Daugherty, Jr.,* Assistant Attorneys General, for defendants.

McGREGOR, J. Appellants, owners of a dairy farm, claim damages from the State, allegedly caused by highway construction. On May 29, 1961, the State highway commission purchased land and built a highway thereon, which highway was 25 to 53 feet easterly from appellants' property. The highway commission also improved, widened, and elevated the street adjacent to appellants' property in conjunction with the construction of the highway. On October 22, 1963, appellants filed an unverified notice of intention to file a claim in the Michigan court of claims. On July 27, 1964, appellants filed a verified petition in the court of claims for damages against the appellees for a claimed trespass. Neither the notice nor the petition stated the dates of the happening of the events giving rise to the alleged cause of action, nor the statutorily required details thereof.[1]

---

. 1 "(1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose 'and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.  *  *  *

"(3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action." CLS 1961, § 600.6431 (Stat Ann 1962 Rev § 27A.6431[1] and [3]).

Appellants alleged that the construction by the State highway department reduced the value of their land, as the construction caused surface water to flood a portion of their farm, that in the course of said construction of the highway and the widening of a parallel street, the appellees caused the tearing out of fences and trees on appellants' land, and that there was a continuing trespass on appellants' land by the appellees, and that such damage developed as the road was being built.

The appellees moved for summary or accelerated judgment in the court of claims, on the grounds that appellants did not comply with the court of claims act and that the complaint stated no cause of action. Specifically, appellees contended that the statute, *supra,* was not complied with in that the notice to file a claim and the petition were not detailed enough as to the items of claimed damage, failed to state when the claim arose, and, in addition, the notice was not verified as required by statute. The appellees further maintained that the complaint stated only tortious conduct of State agents while engaged in a governmental function, consequently the State would be immune from liability.

The court of claims entered a judgment dismissing the claim.

This claim seems to fall clearly under subdivision (3) of the court of claims act, *supra,* inasmuch as the appellants claim to have suffered property damage. This Court is unwilling to accept the appellants' interpretation of the cause as being only applicable to tort actions. If this Court were to so limit subdivision (3) of the statute, and also adopt the appellants' contention that their action is not found in tort, then the appellant would be able to avoid the 6-months' filing requirement of subdivision (3). Appellants claim to have suffered "property damage," and by specific wording of the statute,

"property damage" is controlled by subdivision (3).

In *Anthonsen* v. *State Highway Commissioner* (1966), 4 Mich App 345, this Court held *inter alia* that it is not necessary that the claimant's notice under the 6-months' provision be verified. However, this holding did not obviate the necessity for filing within the 6-months' period, nor the requisite affirmative statement therein (which is fulfilled by the specification of a date) that "the happening of the event giving rise to the cause of action" arose within this time. In *Anthonsen, supra,* the claimant's notice showed on its face that it was filed within the statutory period. In contrast, the appellants' notice here was filed some 29 months after the appellees' acquisition of the land. No further date was referred to as to the time on which the events occurred which gave rise to the cause of action. In fact, scrutiny of both the notice and the petition failed to reveal any date other than the one on which the highway commission acquired the land, either to the court below or to us.

We cannot supply the missing essential date, and its omission is fatal to the appellants' claim. The notice did not comply with the minimum statutory requirements.

The other issues raised on appeal are not discussed herein as we find them to be without merit.

Affirmed. No costs, as a public question is involved.

LESINSKI, C. J., and T. G. KAVANAGH, J., concurred.