REICH v STATE HIGHWAY COMMISSION

1. HIGHWAYS AND STREETS—EASEMENTS—USER—STATUTES.

Privately owned land does not become a highway by user beyond
the portion used as such; the statutory provision that all
highways that are or may become such by time and use, shall
be four rods (66 feet) in width cannot constitutionally create an
easement four rods wide or obviate the need for an express
grant where an existing easement covers only a narrow lane 15
feet wide (MCLA 221.20).

2. CONSTITUTIONAL LAW—STATUTES—NOTICE—EQUAL PROTECTION—
GOVERNMENTAL WRIT.

The six-month notice of claim required by the Court of Claims
Act is unconstitutional in denying equal protection of the law
by favoring governmental tortfeasors over private tortfeasors to
whom the victim is not required to give notice of his claim, and
in dividing victims of negligent conduct into those who must
meet the requirement and victims of private negligence who
need not (MCLA 691.1404).

3. LIMITATION OF ACTIONS—TOLLING—COMMENCEMENT OF ACTION.

The three-year limitation for bringing a claim against the state in
the Court of Claims was tolled by an action filed within the
prescribed time limit on the identical cause of action, which
was dismissed on a procedural shortcoming rather than on the
merits, from the time of service of the complaint in the first
action until dismissal (MCLA 600.5856; GCR 1963, 101).

4. JUDGMENT—RES JUDICATA—ON THE MERITS.

A prior adjudication based on a procedural prerequisite is not res
judicata of the meritorious issues of a cause of action.

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur 2d, Highways, Streets, Bridges § 160.
[2] 1 Am Jur 2d, Actions §§ 80–83.
    49 Am Jur 2d, States, Territories, and Dependencies § 98.
[3] 51 Am Jur 2d, Limitation of Actions § 138 *et seq.*
[4] 46 Am Jur 2d, Judgments § 744.
[5] 39 Am Jur 2d, Highways, Streets and Bridges § 390.
[6] 45 Am Jur 2d, Interest and Usury § 59 *et seq.*

5. HIGHWAYS AND STREETS—LIABILITY—CONTINUING INJURY—PROXI-
MATE CAUSE.

Liability for continuing injury resulting from street-widening
operations includes all injuries which are the natural and
proximate result of the widening operations, and the locus of
responsibility for maintenance of the street is not controlling.

6. JUDGMENT—INTEREST—COURT OF CLAIMS.

A judgment rendered by the Court of Claims carries interest at
the rate of 5% per annum from the date of entry of the
judgment (MCLA 600.6455).

Appeal from the Court of Claims, William John
Beer, J. Submitted Division 2 February 8, 1972, at
Lansing. (Docket No. 11056.) Decided October 24,
1972. Leave to appeal denied, 389 Mich 772.

Complaint by Albert Reich in the Court of
Claims against the State Highway Commission for
damages resulting from road improvement activi-
ties in the area of his property. Judgment for
plaintiff. Defendant appeals. Affirmed.

Albert Reich, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Louis J. Caruso*
and *Myron A. McMillan,* Assistants Attorney Gen-
eral, for defendants on appeal.

Before: McGREGOR, P. J., and LEVIN and TAR-
GONSKI,* JJ.

LEVIN, J. The defendant State Highway Commis-
sioner appeals an award by the Court of Claims to
plaintiff, Albert Reich. We affirm.

Albert Reich is a dairy farmer. His farm, com-
prising some 220 acres, is in Otsego Township,
Allegan County. In 1961 the defendant State High-

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

way Commissioner began making road improve-
ments in the area of the Reich farm. One of these
improvements was the widening of Thirteenth
Street, a county road running through the Reich
property. The road was widened from a narrow
lane, some 15 feet wide, to a full 66 feet wide.

The commissioner did not seek to condemn the
portion of the Reich farm which was taken in
order to widen Thirteenth Street. It was claimed
that the land was subject to an easement provided
by the following statutory provision:

> "All highways regularly established in pursuance of
> existing laws, all roads that shall have been used as
> such for 10 years or more, whether any record or other
> proof exists that they were ever established as high-
> ways or not, and all roads which have been or which
> may hereafter be laid out and not recorded, and which
> shall have been used 8 years or more, shall be deemed
> public highways, subject to be altered or discontinued
> according to the provisions of this act. *All highways
> that are or that may become such by time and use,
> shall be 4 rods in width,* and where they are situated on
> section or quarter section lines, such lines shall be the
> center of such roads, and the land belonging to such
> roads shall be 2 rods in width on each side of such
> lines." (Emphasis supplied.) MCLA 221.20; MSA 9.21.

Construction crews moved onto the land, trees
were felled and fences torn down. Reich's dairy
business suffered. Crops planted in fields where
heavy equipment had run would not grow. Cows
ingested scattered pieces of the destroyed fence
and died.

Subsequently, in *Eager v State Highway Com-
missioner,* 376 Mich 148 (1965), the Michigan Su-
preme Court considered the contention that this
statute gave a 4-rod (or 66-foot) easement for all
roads used for the statutory period regardless of

the width of the road in actual use. The Court rejected this contention, saying:

"[A] highway by user becomes such to the width and extent used. We agree with the trial court that privately owned land cannot become public road by user beyond the portion used as such merely by the above noted statutory pronouncement to that effect. To so hold would be violative of Constitution of 1850, art 18, § 14, Constitution 1908, art 13, § 1, which prohibited taking by the public of private property except upon determination of necessity and just compensation 'being first made or secured'."

The commissioner does not contend either that there has been an express grant of a 66-foot easement for Thirteenth Street through the Reich farm, or that such an easement had been obtained by actual use.

The commissioner raises a number of defenses to the imposition of liability.

Initially, he contends that Reich's claim is barred because he failed to give the state notice of his claim within six months as required by the Court of Claims Act. MCLA 600.6431(3); MSA 27A.6431(3). In *Reich* [that plaintiff Reich is not the plaintiff in this case] *v State Highway Department,* 386 Mich 617 (1972), the Michigan Supreme Court held unconstitutional the 60-day notice provision of § 4 of the Government Tort Immunity Act. MCLA 691.1404; MSA 3.996(104). The Court held that this notice requirement denied the equal protection of the laws by favoring governmental tortfeasors over private tortfeasors, to whom the victim is not required to give notice of his claim. This reasoning applies with equal force to the six-month notice requirement of the Court of Claims Act, and we are, therefore, on the authority of *Reich v State Highway Department,* obliged to

hold this notice requirement to be likewise unconstitutional. *Cf. Crook v Patterson,* 42 Mich App 241 (1972).

We turn to the commissioner's contention that this action is barred by the statute of limitations. The limitation for bringing a claim against the state cognizable by the Court of Claims is three years. MCLA 600.6452; MSA 27A.6452.

The actual trespass in widening Thirteenth Street occurred during the spring and summer of 1962. Reich filed a notice of intention to file a claim in the Court of Claims on October 22, 1963, and filed a complaint seeking damages in the Court of Claims on July 27, 1964—well within the three-year limitations period.

The Court of Claims dismissed the action and we affirmed on appeal. *Reich v State Highway Commissioner,* 5 Mich App 509 (1967). Our affirmance was based on Reich's failure affirmatively to allege in his complaint the date of "the happening of the event giving rise to the cause of action" as provided for in the Court of Claims Act.

Reich commenced the present action by filing a complaint in the Court of Claims on October 26, 1966, some 2-1/2 months before the opinion in the former appeal was handed down. Although this was more than 3 years after the date of the initial trespass, the present action is not barred because the earlier action served to toll the statute of limitations.

The tolling statute provides:

"The statutes of limitations are tolled when

"(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

"(2) jurisdiction over the defendant is otherwise acquired, or when,

"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter." MCLA 600.5856; MSA 27A.5856.

The Michigan Supreme Court has ruled that this section "deals only with prior lawsuits between the parties which have not adjudicated the merits of the action". *Buscaino v Rhodes,* 385 Mich 474, 482 (1971). The *Buscaino* Court went on to quote approvingly from the Committee Comments on this section:

"In the event of the dismissal, on some ground other than on the merits (as for example—lack of jurisdiction over the subject matter) of an action in which jurisdiction over the defendant is acquired, the period of time from the time of service or the acquisition of jurisdiction over the defendant until dismissal will not count as a part of the time of limitation, for during such time the statute has been tolled." 34 MCLA, p 945; 23 MSA, p 136.

The substance of the present action is identical to that raised in the earlier action. The dismissal of the earlier action was not based on the merits, but rather on a procedural shortcoming.

The foregoing discussion also serves in part to answer the commissioner's contention that our decision on the appeal of the earlier action bars the present action. Our decision in that appeal did not dispose of Reich's claim on the merits. We ruled only that he had failed to comply with procedural prerequisites to suit. In the interim between that appeal and this appeal there has been both an effort by Reich to supply the missing date and an important change in the law. Our earlier decision is not *res judicata* of the meritori-

ous issues adjudicated by the Court of Claims in the present action.[1]

The commissioner also argues that liability for continuing injury should be excused because the state undertook only to construct and not maintain Thirteenth Street. However, the widening operations were concluded at the expense and under the control of the commissioner. The damages suffered by Reich were the natural and proximate result of the widening operations. The locus of responsibility for maintenance of Thirteenth Street is not controlling.

Reich was not awarded and was not entitled to interest on the award in his favor for the period through the date of the judgment. He is, however, entitled to interest of 5% per annum from the date of the judgment entered by the Court of Claims. MCLA 600.6455; MSA 27A.6455.

Affirmed and remanded for modification of the judgment to allow interest from the date of the judgment. Costs to plaintiff.

---

[1] See *State Farm Mutual Automobile Insurance Co v Duel,* 324 US 154, 162; 65 S Ct 573; 89 L Ed 812 (1945); *In re Raseman Estate,* 18 Mich App 91, 104 (1969); Vestal, Res Judicata/Preclusion, p V-411; 46 Am Jur 2d, Judgments, § 444, p 614.