# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* RHEA BRODY LIVING TRUST, dated January 17, 1978, as amended.

---

ROBERT BRODY,

      Intervenor-Appellant/Cross Appellee,

v

CATHY B. DEUTCHMAN,

      Petitioner-Appellee/Cross Appellee,

and

MICHAEL BARTON, Special Fiduciary,

      Intervenor,

and

JAY BRODY,

      Intervenor-Appellee/Cross Appellant.

FOR PUBLICATION
August 7, 2018
9:00 a.m.

No. 330871
Oakland Probate Court
LC No. 2015-361379-TV

---

## ON REMAND

Before: O'BRIEN, P.J., MURRAY, C.J., AND JANSEN, J.

PER CURIAM.

In an order dated June 8, 2018, the Michigan Supreme Court vacated Section II of this Court's prior opinion in *In re Brody Trust*, 321 Mich App 304; 910 NW2d 348 (2017) (*Brody I*), and remanded this case to this Court for reconsideration "of its standing analysis." *In re Brody Trust*, ___ Mich ___; 912 NW2d 175 (2018) (Docket No. 156670) (*Brody II*). Our Supreme Court directed this Court to "consider whether the terms 'child' and 'beneficiary' in MCL 700.1105 are modified by the phrase 'and any other person that has a property right in or claim against a trust estate.' If so, then [this Court] shall consider whether Cathy Deutchman [(Cathy)]

-1-

is an 'interested person' under this reading of the statute." *Brody II*, ___ Mich at ___; 912 NW2d at 175. Additionally, our Supreme Court instructed that this Court may consider the arguments made in the Supreme Court by the Probate and Estate Planning Section of the State Bar of Michigan regarding whether Cathy has standing "in light of MCR 5.125(C)(33)(g) and MCL 700.7603(2) and is a present (not contingent) beneficiary of the trust." *Id.* We again affirm our prior conclusion that the trial court did not err by concluding that Cathy had standing as a petitioner in this action.

This case arises out of a family dispute over the Rhea Brody Living Trust. Rhea's husband, Robert Brody, originally appealed the order granting partial summary disposition in favor of Rhea and Robert's daughter, Cathy. As this Court originally articulated in *Brody I*, "the order resolved claims relating to two family businesses, Brody Realty No I, LLC, and Macomb Corporation, declared Rhea Brody disabled pursuant to the terms of the trust, and removed Robert as successor trustee of the trust." *Brody I*, 321 Mich App at 308. The convoluted factual background of this case can best be boiled down to the fact that Rhea became mentally incapacitated as a result of dementia, and Robert, who is also a beneficiary of the trust, began acting as successor trustee. Allegations were made that Robert took actions that were detrimental to the trust, contrary to Rhea's intent, and favored Jay Brody and his heirs[1] to the detriment of Cathy and her heirs.

In their original appeal to this Court, Robert and Jay argued that Cathy "did not have standing (i.e., she was not a proper party) to request adjudication of the issues in her petition, including Robert's removal as trustee of the Rhea Trust and reversal of actions taken by Robert as trustee." *Brody I*, 321 Mich App at 314. Previously, we concluded that Cathy did have standing under MCL 700.7201 as an "interested person," which is defined in MCL 700.1105(c), because,

> There is no dispute that Cathy is Rhea's child. In addition, Cathy is a "beneficiary." Under MCL 700.1103(d), a beneficiary includes a "trust beneficiary," defined as a person with "a present or future beneficial interest in a trust, vested or contingent." Black's Law Dictionary defines "beneficial interest" as "[a] right or expectancy in something (such as a trust or an estate), as opposed to legal title to that thing. For example, a person with a beneficial interest in a trust receives income from the trust but does not hold legal title to the trust property." The plain language of the trust indicates that Cathy has a future (upon Rhea's death), contingent (assuming no revocation or amendment) interest in the trust property. See Restatement Trusts, 1d, § 56 comment f (intervivos trust where death of settlor is a condition precedent results in a "contingent equitable interest in remainder"). Specifically, Cathy will receive Rhea's clothing and jewelry. In addition, if Robert predeceases Rhea, then a subtrust comprising 50% of the Rhea Trust's remaining assets is created for Cathy. If Rhea predeceases Robert, then a marital trust and a family trust are created, and under the marital

---

[1] Jay is the son of Rhea and Robert.

trust, Rhea's descendants are each entitled to net income distributions and any principal necessary for education, health, support, and maintenance. [*Brody I*, 321 Mich App at 317-318.]

We have been directed by our Supreme Court to reexamine our original standing analysis. In particular, the Court indicated that this Court "should consider whether the terms 'child' and 'beneficiary' in MCL 700.1105[(c)] are modified by the phrase 'and any other person that has a property right in or claim against a trust estate.' " *Brody II*, ___ Mich at ___; 912 NW2d at 175. The Court further instructed that, if this Court answers that question in the affirmative, this Court should then consider whether Cathy qualifies as an "interested person" under such an interpretation of MCL 700.1105(c). *Id.* Finally, the Court noted that this Court "may also consider" the arguments in a brief amicus curiae submitted by the Probate and Estate Planning Section ("the Probate Section") of the State Bar of Michigan to our Supreme Court. Because we find the Probate Section's arguments to be persuasive, we will consider them first, in the interest of clarity.

Given the broad scope of the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, which codifies several complex areas of law, the act contains *many* statutory definitions. Such definitions are not consolidated in any one portion of the EPIC, are not universally applicable, sometimes overlap or supersede other definitions within the act, and often contain terms or phrases that are *also* statutorily defined. See, e.g., MCL 700.1102 ("The definitions contained in this part apply throughout this act unless the context requires otherwise or unless a term defined elsewhere in this act is applicable to a specific article, part, or section."). Accordingly, as a foundational matter, several relevant statutory definitions must be set forth before approaching the principal analysis.

Under MCL 700.7103(*l*), the phrase "trust beneficiary" is defined, in relevant part, as "a person . . . whom . . . has a present or future beneficial interest in a trust, vested or contingent." On the other hand, the phrase "qualified trust beneficiary" is defined under MCL 700.7103(g), in pertinent part, as:

a trust beneficiary to whom 1 or more of the following apply on the date the trust beneficiary's qualification is determined:

(*i*) The trust beneficiary is a distributee *or permissible distributee* of trust income or principal.

* * *

(*iii*) The trust beneficiary *would be* a distributee or permissible distributee of trust income or principal if the trust terminated on that date. [Emphasis added.]

In turn, "distributee" is defined at MCL 700.1103(o) as, in relevant part, "a person that receives . . . trust property from the trustee other than as a creditor or purchaser."

The phrase "permissible distributee" is not defined within the EPIC, and we are unable to locate any previous authority construing that phrase. However, in context the plain meaning

seems apparent without resorting to dictionary definitions. See *Bloomfield Twp v Kane*, 302 Mich App 170, 175; 839 NW2d 505 (2013) ("recourse to dictionary definitions is unnecessary when the Legislature's intent can be determined from reading the statute itself."). We conclude that the plain meaning expressed is that a "permissible distributee" is a person who is *permitted* to receive trust property from the trustee other than as a creditor or purchaser, not *entitled* to receive it.

In its brief amicus curiae, the Probate Section posits that this Court reached the correct outcome concerning standing in *Brody I*, but did so for the wrong reasons.[2] Specifically, the Probate Section contends that this Court:

> made the following errors:
>
> - Disregarding the second sentence of MCL 700.1105(c) and its reference to the importance of considering both "the particular purposes of, and matter[s] involved in, [the] proceeding" and the "supreme court rules."
>
> - Overlooking MCR 5.125 entirely.
>
> - Overlooking MCL 700.7603(1) and (2) entirely.
>
> - Failing to consider whether Cathy was "a person entitled to be reasonably informed, as referred to in MCL 700.7603(2)," for purposes of MCR 5.125(C)(33).
>
> - Determining that Cathy was an "interested person" based solely on the fact that she qualified for two of the categories included in the first sentence of MCL 700.1105(c) ("child" and "beneficiary")[.]

The Probate Section also argues that *Brody I* will have unintended downstream consequences, arguing that this Court's,

> determination that a "child" or a "beneficiary" is always an interested person with standing to commence trust proceedings before the probate court is an erroneous construction of EPIC and the Michigan Trust Code that can be expected to interfere seriously with the administration of private citizens' estate planning and trust administration. In light of this published decision, "children" and "beneficiaries" (who would not otherwise qualify as "interested persons" under MCL 700.1105(c), MCR 5.125, and MCL 700.7603(2)) can be expected to rely

---

[2] We note that the arguments raised by the Probate Section were not previously raised by the parties in this Court.

-4-

on [*Brody I*] to pursue trust-related litigation which would not have been permitted prior to [that] decision.[3]

The second sentence of MCL 700.1105(c) provides, "Identification of interested persons may vary from time to time and shall be determined according to the particular purposes of, and matter involved in, a proceeding, *and by the supreme court rules*." (Emphasis added.) Within subchapter 5.100 of our court rules, which sets forth rules of pleading and practice that apply in probate court, our Supreme Court has promulgated MCR 5.125, which is captioned, "Interested Persons Defined." In pertinent part, MCR 5.125 provides:

> (B) Special Conditions for Interested Persons.
>
> * * *
>
> (2) Devisee. Only a devisee whose devise remains unsatisfied, *or a trust beneficiary whose beneficial interest remains unsatisfied*, need be notified of specific proceedings under subrule (C).
>
> * * *
>
> (C) Specific Proceedings. Subject to subrules (A) and (B) and MCR 5.105(E),[4] the following provisions apply. When a single petition requests multiple forms of relief, the petitioner must give notice to all persons interested in each type of relief:
>
> * * *
>
> (33) Subject to the provisions of Part 3 of Article VII of the Estates and Protected Individuals Code,[5] *the persons interested in a proceeding affecting a*

---

[3] In other words, the practical concern of the Probate Section is that *Brody I*'s construction of MCL 700.1105(c) will undercut several of the characteristics that make revocable grantor trusts desirable as an estate planning tool. The probate section is concerned that grantor-settlors who use revocable grantor trusts (or "living" trusts) solely as an estate planning mechanism—seeking to avoid probate, to minimize tax liabilities, and to keep private financial affairs from becoming a matter of public record—will suddenly have to answer to beneficiaries, during the grantor-settlors' lifetimes, for the management of "trust" assets that, for all effective purposes, still belong to the grantor-settlors and are funded into the "trust" only to avoid the need to probate *un*funded assets (via a pour-over will) after death.

[4] Because MCR 5.105(E) regards "unborn or unascertained interested persons not represented by a fiduciary or guardian ad litem," it is seemingly irrelevant here.

[5] Part 3 of Article VII of EPIC concerns guardianships over incapacitated individuals, and therefore it is not germane to the instant analysis.

*trust* other than those already covered by subrules (C)(6), (C)(28), and (C)(32)[6] are:

> (a) the qualified trust beneficiaries affected by the relief requested,

> \*   \*   \*

> (d) in a proceeding to appoint a trustee, the proposed trustee,

> \*   \*   \*

> (g) if the petitioner has a reasonable basis to believe the settlor is an incapacitated individual, those persons who are entitled to be reasonably informed, as referred to in MCL 700.7603(2).

> (D) The court shall make a specific determination of the interested persons if they are not defined by statute or court rule. [Emphasis added.]

Read in concert, MCL 700.1105(c) and MCR 5.125 demonstrate that the interested-person inquiry is decidedly flexible and fact-specific. The identity of the interested persons can change not only over time but also depending on the nature of the proceedings and the relief requested. Moreover, MCR 5.125(D) unambiguously provides that there may be circumstances under which a probate court may determine that an individual—one who does *not* qualify as an interested person under any of the statutory definitions or under the other subparts of MCR 5.125—nevertheless qualifies as an interested person under the facts presented in the given case.

In this case, Cathy petitioned for several distinct forms of relief: (1) Robert's removal as successor trustee with Cathy's appointment in his stead, or the appointment of an independent trustee to manage the trust's real estate interests, (2) delivery of all trust records to the new successor trustee along with a full accounting, (3) partial supervision of the trust during the pendency of this action, (4) the rescission of all allegedly improper acts taken by Robert as successor trustee following Rhea's disability, with the funds from such rescinded transactions held in a constructive trust, (5) an order enjoining Robert from committing any future breaches of trust, (6) Robert's removal as manager of Brody Realty, which is owned by the trust, (7) damages for the trust and Brody Realty, (8) surcharge of Robert and Jay for Cathy's attorney fees in this action, and (9) an order enjoining Robert and Jay from wasting or dissipating trust assets. With regard to each of those forms of requested relief, we agree with the Probate Section that Cathy qualified as an interested person under MCR 5.125(C)(33)(g) ("if the petitioner has a reasonable basis to believe the settlor is an incapacitated individual, those persons who are entitled to be reasonably informed, as referred to in MCL 700.7603(2)").

---

[6] Those listed subparts are not seemingly relevant here. Subpart (C)(6) regards proceedings "for examination or approval of an account of a fiduciary," subpart (C)(28) concerns petitions "for approval of a trust under MCR 2.420," and subpart (C)(32) addresses "modification or termination of a noncharitable irrevocable trust[.]"

MCL 700.7603(2) provides:

> If the trustee reasonably believes that the settlor of a revocable trust is an incapacitated individual,[7] the trustee shall keep the settlor's designated agent or, if there is no designated agent *or if the sole agent is a trustee, each beneficiary who, if the settlor were then deceased, would be a qualified trust beneficiary* informed of the existence of the trust and reasonably informed of its administration. [Emphasis added.]

In this instance, there is no dispute that when Robert—who was acting as Rhea's agent under a durable power of attorney—formally accepted his role as successor trustee in May 2013, he had reason to believe that Rhea was an "incapacitated individual" as a result of her dementia. Nor is there any evidence that she was no longer an incapacitated individual at the time that Cathy instituted these proceedings. Moreover, had Rhea been deceased at that time, Cathy would have been a "qualified trust beneficiary" under MCL 700.7103(g)(*i*) ("The trust beneficiary is a distributee or permissible distributee of trust income or principal"). Under such circumstances, Cathy would be entitled to the specific gift of Rhea's jewelry and clothing, and Cathy would also be entitled to receive a portion of the trust's net income thereafter. Therefore, Cathy would qualify as a "distributee" under MCL 700.1103(o). And because she would qualify as a distributee of both trust income and principal in the event of Rhea's death, she would also become a "qualified trust beneficiary" under those circumstances. Therefore, Cathy would be entitled to notice under MCL 700.7603(2), which means she qualifies as an interested person under the definition set forth by MCR 5.125(C)(33)(g).

Consequently, the Probate Section is correct that Cathy qualifies as an interested person in this matter under MCR 5.125(C)(33)(g) and MCL 700.1105(c). As an interested person, she had standing to institute these proceedings. See *In re Rottenberg Living Trust*, 300 Mich App 339, 355; 833 NW2d 384 (2013) (holding, in the context of trust litigation, that an "interested person" has "statutory standing . . . to invoke the probate court's jurisdiction with respect to the administration of" the trust in question). Therefore, even assuming, arguendo, that the construction of MCL 700.1105(c) announced in *Brody I* was erroneous, the proper conclusion regarding Cathy's standing was nevertheless reached.

Based on the foregoing, we would ordinarily decline to address whether the phrase "and any other person that has a property right in or claim against a trust estate" in MCL 700.1105(c) modifies the terms "child" and "beneficiary" because the issue would be moot. See *Garrett v*

---

[7] MCL 700.1105(a) provides:

> "Incapacitated individual" means an individual who is impaired by reason of mental illness, mental deficiency, physical illness or disability, chronic use of drugs, chronic intoxication, or other cause, not including minority, to the extent of lacking sufficient understanding or capacity to make or communicate informed decisions.

-7-

*Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016) ("A matter is moot if this Court's ruling cannot for any reason have a practical legal effect on the existing controversy.") (quotation marks and citations omitted). However, given the circumstances at bar, we will nevertheless address and decide the issue. See *Int'l Business Machines, Corp v Dep't of Treasury*, 316 Mich App 346, 352; 891 NW2d 880 (2016), where this Court articulated that the "rule of mandate" encapsulates "the well-accepted principle in our jurisprudence that a lower court must strictly comply with, and may not exceed the scope of, a remand order." The Supreme Court's remand instructions indicated that this Court "should consider" this issue, and when viewed in context, the Supreme Court's usage of "should" does not seem permissive.

We conclude that the proposed construction of MCL 700.1105(c) would erroneously restrict the flexible meaning of "interested person" that is conveyed by the statutory language. In pertinent part, the portion of MCL 700.1105(c) that is at issue—the first of its two sentences—provides:

> "Interested person" . . . includes, but is not limited to, the incumbent fiduciary; an heir, devisee, *child*, spouse, creditor, and *beneficiary* and *any other person that has a property right in or claim against a trust estate* or the estate of a decedent, ward, or protected individual; a person that has priority for appointment as personal representative; and a fiduciary representing an interested person. [Emphasis added.]

Such language must not be construed in a vacuum, heedless of context. See *Koontz v Ameritech Services, Inc*, 466 Mich 304, 318; 645 NW2d 34 (2002) (noting that *potential* ambiguities in statutory language are often resolved by contextual considerations). As noted earlier, the second sentence of MCL 700.1105(c) expressly states that the "[i]dentification of interested persons may vary from time to time and shall be determined according to the particular purposes of, and matter involved in, a proceeding, and by the supreme court rules." Moreover, in MCR 5.125(D), our Supreme Court has taken a decidedly flexible approach, as well. In light of the several broad legal areas that the EPIC covers, such an approach is prudent. It would be unduly restrictive to conclude that the terms "child" and "beneficiary" in MCL 700.1105(c) are necessarily modified—in every case—by the phrase "any other person that has a property right in or claim against a trust estate." Doing so would directly contravene the legislative intent expressed by the second sentence of MCL 700.1105(c), which demonstrates that the Legislature wished to leave the fact-specific inquiry of who qualifies as an interested person in a given probate proceeding to the sound discretion of the probate court.

That same conclusion is also supported by fundamental principles of grammar, including the last antecedent rule. "Because the Legislature is presumed to know the rules of grammar, statutory language must be read within its grammatical context unless something else was clearly intended." *Niles Twp v Berrien Co Bd of Comm'rs*, 261 Mich App 308, 315; 683 NW2d 148 (2004). "Proper syntax provides that commas usually set off words, phrases, and other sentence elements that are parenthetical or independent." *Dale v Beta-C, Inc*, 227 Mich App 57, 68-69; 574 NW2d 697 (1997). Moreover, "[i]t is a general rule of grammar and of statutory construction that a modifying word or clause is confined solely to the last antecedent, unless a contrary intention appears." *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999).

The "last antecedent" of a given term or phrase is "the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence[.]" *People v English*, 317 Mich App 607, 614; 897 NW2d 184 (2016) (opinion of WILDER, P.J.), quoting 2A Singer & Singer, Sutherland Statutory Construction (7th ed), § 47:33, pp 494-497. In this instance, the last word, phrase, or clause that can be made an antecedent of the phrase "and any other person that has a property right in or claim against a trust estate" is the word "beneficiary." Moreover, from a grammatical standpoint, the word "beneficiary" appears in the same dependent clause as the phrase in question, separated from the rest of the sentence by commas or semicolons. Therefore, lacking any clear evidence of a contrary legislative intent—and we find none—it would be inappropriate to construe the phrase "and any other person that has a property right in or claim against a trust estate" as modifying the word "child."

On the contrary, in grammatical context, the phrase in question seems to represent an independent "catch-all" category, not adjectival language that was meant to modify the terms preceding it. Under the canon of construction *ejusdem generis*, when "general words follow a designation of particular subjects, the meaning of the general words will ordinarily be presumed to be and construed as restricted by the particular designation and as including only those things of the same kind, class, character or nature as those specifically enumerated." *Benedict v Dep't of Treasury*, 236 Mich App 559, 564; 601 NW2d 151 (1999) (quotation marks and citation omitted). Therefore, "[w]hen construing a catch-all phrase, courts will interpret it to include only those things of the same type as the preceding specific list." *Sebring v City of Berkley*, 247 Mich App 666, 674; 637 NW2d 552 (2001). In other words, if anything, the terms "child" and "beneficiary" should seemingly be construed as modifying the meaning of the catch-all phrase "any other person that has a property right in or claim against a trust estate," *not* the other way around.

For those reasons, we reject the proposed construction of MCL 700.1105(c) under which the phrase "any other person that has a property right in or claim against a trust estate" would be construed as modifying the preceding terms "child" and "beneficiary." In light of the second sentence of MCL 700.1105(c), it seems that whether a "child" or a "beneficiary" is interested in a given trust proceeding is dependent on the particular purposes of, and matter involved in, the proceeding—under the facts as they exist at the time that standing is determined—not whether the given "child" or "beneficiary" has a property right in or claim against the trust estate.

We again affirm our prior conclusion that the trial court did not err by concluding that Cathy had standing as a petitioner in this action.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Kathleen Jansen

-9-