*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HENRY HAWKINS MEMORIAL FAMILY
EDUCATIONAL TRUST.

SIERRA JEFFERSON and AMINAH JOHNSON-
JEFFERSON,

UNPUBLISHED
November 17, 2022

        Appellants,

v

No. 359029
Washtenaw Probate Court

CHANA HAWKINS and KAROLYN SCOTT,
Trustees of the HENRY HAWKINS MEMORIAL
FAMILY EDUCATIONAL TRUST,

LC No. 21-000643-TT

        Appellees.

Before: HOOD, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM.

Appellants, Sierra Jefferson and Aminah Johnson-Jefferson, appeal by right the trial court's order of instructions terminating the Henry Hawkins Memorial Family Educational Trust and denying appellants' request for accounting. Because we conclude that the trial court erred when it determined that appellants were not entitled to an accounting, we reverse the portion of the order denying that request and remand with instructions to the trial court to enter an order directing the trustees to provide an accounting that complies with the requirements of MCL 700.7814(3).

## I. BASIC FACTS AND PROCEDURAL HISTORY

On February 2, 1995, Henry Hawkins executed a will in which he established the Henry Hawkins Memorial Family Educational Trust Fund (the "Trust"). The Trust was funded with $100,000 from Hawkins's estate and was for the use and benefit of lineal descendants of three of his family members. The money from the Trust was to be used "for the purpose of giving financial assistance to qualified lineal descendants who wish to obtain a post-high school education, either at a trade or technic[a]l school, a two year college, a four year college or university, or a graduate

-1-

or professional school." The Trust afforded the trustees with broad discretion to administer the funds, including to whom the funds would be awarded, how much, and when.

Hawkins died sometime in 2001, and by its own terms, the Trust was to terminate 20 years after his death. Accordingly, on June 9, 2021, appellees Chana Hawkins and Karolyn Scott, two of the Trust's three trustees, petitioned the trial court for instructions relative to termination of the Trust and distribution of its residue. Although appellants, who were applicants for financial assistance during the life of the Trust,[1] did not object to the termination of the Trust, they petitioned the court for a full accounting of the Trust's funds, claiming such accounting was never received during the life of the Trust. Concluding appellants were "qualified trust applicants" but not "qualified trust beneficiaries," the trial court denied the request. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo the trial court's interpretation of a trust. *In re Theodora Nickels Herbert Trust*, 303 Mich App 456, 458; 844 NW2d 163 (2013). The Court also reviews de novo issues of statutory interpretation. *In re Estate of Koch*, 322 Mich App 383, 392; 912 NW2d 205 (2017). A trial court's findings of fact are reviewed for clear error. *In re Filibeck Estate*, 305 Mich App 550, 553; 853 NW2d 448 (2014). "Clear error occurs when this Court is left with the definite and firm conviction that a mistake has been made." *Skaates v Kayser*, 333 Mich App 61, 81-82; 959 NW2d 33 (2020) (quotation marks and citation omitted).

## III. DISCUSSION

The Court's goal when interpreting a statute is to give effect to the intent of the Legislature. *In re Estate of Koch*, 322 Mich App at 392. "If the statutory language is unambiguous, this Court must enforce the statute as written." *Id*. at 393. "The provisions in EPIC must be liberally construed and applied to promote its underlying purposes and policies, including to discover and make effective a decedent's intent in distribution of the decedent's property[.]" *In re Estate of Horton*, 325 Mich App 325, 330; 925 NW2d 207 (2018) (quotation marks and citations omitted).

Under MCL 700.7814(1), a trustee is required to "keep the qualified trust beneficiaries reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests." Unless the request is "unreasonable under the circumstances, a trustee shall promptly respond to a trust beneficiary's request for information related to the administration of the trust." *Id*. In addition, the statute requires that:

> A trustee shall send to the distributees or permissible distributees of trust income or principal, and to other qualified or nonqualified trust beneficiaries who request it, at least annually and at the termination of the trust, a report of the trust property, liabilities, receipts, and disbursements, including the source and amount of the trustee's compensation, a listing of the trust property and, if feasible, their respective market values, and, if applicable, any disclosure required under section 7802(5). In the trustee's discretion, the trustee may provide the report to any trust

---

[1] In addition to being an applicant, Sierra Jefferson was awarded funds from the Trust in 2018.

beneficiary. Upon a vacancy in a trusteeship, unless a cotrustee remains in office, a report shall be sent to the qualified trust beneficiaries by the former trustee. A personal representative, conservator, or guardian may send the qualified trust beneficiaries a report on behalf of a deceased or incapacitated trustee. [MCL 700.7814(3).]

Thus, under MCL 700.7814, there are four classes of persons that are entitled to some form of accounting: distributees, permissible distributees, qualified trust beneficiaries, and nonqualified trust beneficiaries. Distributees and permissible distributees are to receive the information "at least annually and at the termination of the trust," while qualified and nonqualified beneficiaries are to receive it only if they request it.

The term "distributee" is defined by statute:

"Distributee" means a person that receives a decedent's property from the decedent's personal representative or trust property from the trustee other than as a creditor or purchaser. A trustee of a trust created by will is a distributee only to the extent that distributed property or an increment of the distributed property remains in the trustee's hands. A beneficiary of a trust created by will to whom the trustee distributes property received from a personal representative is a distributee of the personal representative. For the purposes of this subdivision, "trustee of a trust created by will" includes a trustee to whom property is transferred by will to the extent of the devised property. [MCL 700.1103(o).]

The term "permissible distributee," however, is not defined by statute. This Court has interpreted the term to mean "a person who is permitted, not entitled, to receive trust property from the trustee other than as a creditor or purchaser." *In re Rhea Brody Living Trust (On Remand)*, 325 Mich App 476, 483; 925 NW2d 921 (2018), vacated in part on other grounds 504 Mich 882 (2019).

In turn, the term "qualified trust beneficiary" is defined under MCL 700.7103(g) as:

a trust beneficiary to whom 1 or more of the following apply on the date the trust beneficiary's qualification is determined:

(i) The trust beneficiary is a distributee or permissible distributee of trust income or principal.

(ii) The trust beneficiary would be a distributee or permissible distributee of trust income or principal if the interests of the distributees under the trust described in subparagraph (i) terminated on that date without causing the trust to terminate.

(iii) The trust beneficiary would be a distributee or permissible distributee of trust income or principal if the trust terminated on that date.

The term "nonqualified trust beneficiary" is not defined by statute and has not been interpreted by the Court. Presumably, a nonqualified trust beneficiary would be one who is a trust beneficiary but does not fall within the three categories listed in MCL 700.7103(g).

-3-

Appellants assert that the trial court erred when it determined that appellants were not qualified trust beneficiaries and, therefore, not entitled to an accounting of the Trust under MCL 700.7814. In appellants' view, the trial court misinterpreted the statute when concluding they were not qualified trust beneficiaries entitled to an accounting. In denying appellants' request, the court considered appellants to be "qualified trust applicant[s]" but not "qualified trust beneficiar[ies]," and made reference to the broad discretion afforded to the trustees, the limitations on the trustees' civil liability, and the fact that recipients could not object to the award or amount of assistance provided by the Trust. We agree with appellants that the trial court erred when it concluded they were not entitled to an accounting.

Sierra Jefferson asked for and received a $3,000 distribution from the Trust in 2018 for use in her higher education. She also asked for, and may have received, other distributions from the Trust in 2019. There is no question that Sierra Jefferson was not entitled to these distributions, thus making her a permissible distributee under MCL 700.7814(3). And as a permissible distributee, Sierra Jefferson was supposed to receive annually and at the termination of the Trust "a report of the trust property, liabilities, receipts, and disbursements, including the source and amount of the trustee's compensation, a listing of the trust property and, if feasible, their respective market values, and, if applicable, any disclosure required under section 7802(5)." MCL 700.7814(3).

The record regarding Aminah Johnson-Jefferson is less clear. Appellants assert that she asked for, and was told she would be given, distributions from the Trust. There does not appear to be record evidence of this, however. Nevertheless, there does not appear to be any dispute from appellees that she was otherwise eligible to receive Trust distributions should they be awarded. Thus, like Sierra Jefferson, Aminah Johnson-Jefferson was permitted, but not entitled to, distributions from the Trust, making her a permissible distributee under MCL 700.7418.

Both appellants are permissible distributees under the Trust, as well as qualified trust beneficiaries. First, appellants are "trust beneficiaries" under MCL 700.7103(*l*)(*i*) because they have a contingent present or future beneficial interest in the Trust. See *In re Rhea Brody Living Trust*, 325 Mich App at 480 (defining beneficial interest as "[a] right or expectancy in something (such as a trust or an estate), as opposed to legal title to that thing."). Appellants' interest was contingent, and not vested, because their request for assistance had to be approved by the trustees. Moreover, as explained above, appellants are permissible distributees under MCL 700.7814(3), thus making them qualified trust beneficiaries under MCL 700.7103(g)(*i*).

As qualified trust beneficiaries and permissible distributees of the Trust, appellants were entitled to receive "a report of the trust property, liabilities, receipts, and disbursements, including the source and amount of the trustee's compensation, a listing of the trust property and, if feasible, their respective market values . . . ." MCL 700.7814(3). Although appellants received some documentation of the Trust in the form of bank records, there is no dispute that appellants did not receive, at minimum, the "disbursements" made by the trustees to other financial-assistance applicants. Therefore, we reverse the portion of the trial court's order that denied appellants' request for an accounting and remand for entry of an order directing the trustees to provide an accounting that complies with the requirements of MCL 700.7814(3).

-4-

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Appellants, as the prevailing parties, may tax costs. MCR 7.219(A).

/s/ Noah P. Hood
/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly