*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ESTATE OF DENNIS ALLEN HAIST.

GRETCHEN HAIST and BETH KUHL,

        Petitioners-Appellants,

v

CAROL MAUST and LAURA LABAIR,

        Respondents-Appellees.

UNPUBLISHED
February 03, 2025
11:41 AM

No. 367156
Huron Probate Court
LC No. 22-142528-DE

Before: FEENEY, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

In this estate case, petitioners-appellants, Gretchen Haist and Beth Kuhl, filed a combined complaint and petition requesting that respondents-appellees, Carol Maust and Laura LaBair, be examined about trust property pursuant to MCL 700.1205(1), and trust assets that were improperly distributed and should be returned pursuant to MCL 700.3911. Petitioners alleged that respondents' actions constituted conversion, embezzlement, and/or fraud. Respondents sought summary disposition under MCR 2.116(C)(7) (prior judgment) and (C)(8) (failure to state a claim). Petitioners appeal by right the probate court's granting of that motion. We affirm.

## I. BACKGROUND

Petitioner Gretchen Haist is the ex-wife of decedent Dennis Haist. Petitioner Kuhl and respondents are the decedent's daughters. Gretchen Haist and the decedent were before this Court in a separate case,[1] which stemmed from their divorce. In that case, Gretchen Haist sought leave to appeal the circuit court's February 1, 2022 order denying her motion to hold Dennis Haist in contempt, to compel compliance with the parties' August 30, 2021 judgment of divorce (JOD),

---

[1] *Haist v Haist*, unpublished order of the Court of Appeals, entered August 2, 2022 (Docket No. 360376).

and for disgorgement. The JOD's property settlement section included a provision addressing division of four IRAs and two annuities. Three of the four IRAs and both annuities were with Auto-Owners. The JOD provided that the parties were to each receive a 50% share of the assets of these financial devices. In the motion, Gretchen Haist alleged that she had not received a 50% share of the total value of the accounts held by Auto-Owners because, in violation of a temporary restraining order (TRO) entered on August 25, 2020, Dennis Haist had withdrawn $40,000 from one of the annuities before the assets could be divided. The circuit court denied the motion, holding that there was no indication of fraud and that the JOD clearly stated that the date of valuation for purposes of the property division was July 9, 2021, not when the TRO was issued. While Gretchen Haist's application for leave to appeal was pending with this Court, Dennis Haist died. This Court eventually dismissed the application because no action had been taken within the time prescribed in MCR 2.202(A)(1) to substitute a proper party.[2]

The current case commenced on October 17, 2022, with Kuhl's filing of a petition for probate in the Huron Probate Court. Kuhl sought admission of the decedent's June 12, 2007 will and the October 12, 2018 codicil to the will. Kuhl also sought to be to be appointed personal representative of the estate pursuant to her status as the decedent's child. Respondents objected, asserting that the decedent had executed a new will on August 31, 2021, and that the will nominated Maust as personal representative. The probate court appointed retired Judge Karl E. Kraus as personal representative and admitted the August 31, 2021 will to probate. Thereafter, petitioners filed their combined complaint and petition on May 9, 2023.

On June 7, 2023, Respondents sought summary disposition under MCR 2.116(C)(7) and (C)(8). In relevant part, they argued that petitioners' claims should be dismissed because they were barred by res judicata, the complaint and petition did not satisfy the pleading requirements set forth in the court rules, and petitioners lacked standing because they were not "interested persons," as that term is defined in the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq*. In response, petitioners argued that their claim was not barred by res judicata because the prior action was not decided on the merits. Rather, they asserted, the application for leave to appeal was dismissed because of a procedural issue, i.e., the death of the decedent during the pendency of the application. They also argued that Kuhl was an interested person because she was both the decedent's child and heir. As for Haist, petitioners asserted that she was an estate creditor to whom the decedent had an outstanding obligation that he did not satisfy before his death, that obligation being an equal division of the annuity accounts listed in the JOD.

The probate court determined that "the main issues" were whether Haist and Kuhl were interested persons. Adopting the reasoning set forth by personal representative Judge Kraus and the arguments set forth in respondent's brief of support of their motion for summary disposition, the court concluded they were not. The court also concluded there was not a cognizable issue of public policy regarding a full determination on the merits because the circuit court's February 1, 2022 order issued in the divorce case was a final decision on the merits given this Court's August 2, 2022 dismissal of the application for leave to appeal. Further, the probate court stated there was

---

[2] This Court denied Haist's application for leave to appeal on August 2, 2022, and Haist's motion for reconsideration on August 17, 2022.

insufficient evidence in the record establishing a reasonable basis to conclude that there were assets left unresolved in the divorce action that were subject to litigation. "But, primarily res judicata applies to this matter over all," the court explained. The court stated "that the issue of these funds . . . have [sic] been . . . fully litigated."

## II. ANALYSIS

### A. STANDARD OF REVIEW

We review de novo a trial court's grant or denial of a motion for summary disposition, *Johnson v Mich Assigned Claims Plan*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 368048); slip op at 2. Review of a decision of a probate court is on the record. *In re Special Needs Trust for Moss*, 342 Mich App 262, 267; 994 NW2d 820 (2022). The "court's factual findings are reviewed for clear error, while the court's dispositional rulings are reviewed for an abuse of discretion." *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). The probate court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes. *In re Murray Conservatorship*, 336 Mich App 234, 240; 970 NW2d 372 (2021).

### B. INTERESTED PERSONS

Petitioners argue that the probate court erred in determining that they were not interested persons under EPIC. We disagree.

Whether an individual is an interested person is an issue of standing, *Black v Cook*, 346 Mich App 121, 138 n 5; 11 NW3d 563 (2023), and an argument that summary disposition should be granted because a party lacks standing is appropriate under either MCR 2.116(C)(8) or (C)(10) depending on the pleadings or other circumstances of the case. *LeGassick v Univ of Michigan Regents,* 330 Mich App 487, 494 n 2; 948 NW2d 452 (2019). This Court may review the issue of standing under the appropriate subrule regardless of which subrule the trial court referenced in granting summary disposition. *Pueblo v Hass*, 511 Mich 345, 354 n 3; 999 NW2d 433 (2023). Because the parties presented documentary evidence beyond the pleadings, including two wills and a codicil to the will, we will consider the motion as granted pursuant to MCR 2.116(C)(10). *LeGassick*, 330 Mich App at 494 n 2.

"When deciding a motion for summary disposition under MCR 2.116(C)(10), we consider the evidence submitted in a light most favorable to the nonmoving party." *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2021). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632 (cleaned up). When the moving party carries its initial burden of establishing undisputed factual issues, the party opposing the motion must demonstrate with admissible evidence that a genuine question of material fact exists. *In re Handelsman*, 266 Mich App 433, 436; 702 NW2d 641 (2005).

Sections 1205(1)(a) and (b) of EPIC, MCL 700.1205(1)(a) and (b), provide the following:

(1) The court may order a person to appear before the court and be examined upon the matter of a complaint that is filed with the court under oath by a fiduciary, beneficiary, creditor, or another interested person of a decedent's or ward's trust or estate alleging any of the following:

(a) The person is suspected of having, or has knowledge that another may have, concealed, embezzled, conveyed away, or disposed of the trustee's, decedent's, or ward's property.

(b) The person has possession or knowledge of a deed, conveyance, bond, contract, or other writing that contains evidence of, or tends to disclose, the right, title, interest, or claim of the trustee, decedent, or ward to any of the trust or estate.

EPIC defines "interested person" as follows:

"Interested person" or "person interested in an estate" includes, but is not limited to, the incumbent fiduciary; an heir, devisee, child, spouse, creditor, and beneficiary and any other person that has a property right in or claim against a trust estate or the estate of a decedent, ward, or protected individual; a person that has priority for appointment as personal representative; and a fiduciary representing an interested person. Identification of interested persons may vary from time to time and shall be determined according to the particular purposes of, and matter involved in, a proceeding, and by the supreme court rules. [MCL 700.1105(c).]

Petitioners also cite MCR 5.125(D), which provides that a "court shall make a specific determination of the interested persons if they are not defined by" MCL 700.1105(c) and MCR 5.125(A) through (C). "Read in concert, MCL 700.1105(c) and MCR 5.125 demonstrate that the interested-person inquiry is decidedly flexible and fact-specific." *In re Rhea Brody Living Trust (On Remand)*, 325 Mich App 476, 486; 925 NW2d 921 (2018), vacated in part on other grounds 504 Mich 882 (2019).

Haist argues that she is an interested person because she is a judgment creditor of the estate. Her claim that she is a creditor is based on her allegation that the decedent violated the terms of the TRO issued during the divorce proceedings. That claim was previously rejected by the circuit court's February 1, 2022 order which Haist unsuccessfully appealed to this Court. Given that Haist never filed an application for leave to appeal with the Michigan Supreme Court in *Haist v Haist*, (Docket No. 360376), Haist's avenues for seeking appellate relief from that decision have been exhausted.

Kuhl maintains that she is an interested person because she is the decedent's child and heir, as those terms are defined in EPIC. Section 1103(h) of EPIC, MCL 700.1103(h), defines "child" to include "an individual entitled to take as a child under this act by intestate succession from the parent whose relationship is involved." And "except as controlled by" MCL 700.2720, an "heir" is "a person, including the surviving spouse or the state, that is entitled under the statutes of intestate succession to a decedent's property." MCL 700.1104(p). The parties stipulated that Kuhl is an heir of the decedent. However, as the probate court concluded, any interest she had in the

estate was foreclosed by provisions of the decedent's August 31 2021 will, in which the decedent specifically disinherited Kuhl.

Moreover, "whether a 'child' or a 'beneficiary' is interested in a given trust proceeding is dependent on the particular purposes of, and matters involved in, the proceeding—under the facts as they exist at the time that standing is determined." *In re Rhea Brody Living Trust (On Remand)*, 325 Mich App at 492. The underlying purpose of this "given trust proceeding" is Haist's recovery of assets she claims were due her under the terms of the JOD. Petitioners have not established that Kuhl has any financial interest in those assets. Accordingly, neither Haist nor Kuhl are interested parties.

## C. RES JUDICATA

Petitioners also argue the probate court erred by determining that the claims against the estate were barred by the doctrine of res judicata. Petitioners assert that no final order was ever entered in the prior case because of a procedural issue, i.e., the death of the decedent during the pendency of Haist's application for leave to appeal. We review de novo a court's application of the doctrine of res judicata. *Garrett v Washington*, 314 Mich App 436, 440-441; 886 NW2d 762 (2016).

Summary disposition is appropriate under MCR 2.116(C)(7) when a claim is barred by res judicata. *Allen Park Retirees Ass'n, Inc v City of Allen Park*, 329 Mich App 430, 443; 942 NW2d 618 (2019). When ruling on whether a claim is subject to dismissal pursuant to MCR 2.116(C)(7), "[t]he contents of the complaint must be accepted as true unless contradicted by the documentary evidence, which must be viewed in a light most favorable to the nonmoving party." *Id*. at 444. "[A]ffidavits, depositions, admissions, or other documentary evidence may be submitted by a party to support or oppose the grounds asserted in the motion." MCR 2.116(G)(2). "If there is no factual dispute, the determination whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law." *Allen Park Retirees Ass'n*, 329 Mich App at 444.

Litigation is barred by res judicata in a subsequent action when a "prior action was decided on the merits, the prior decision resulted in a final judgment, both actions involved the same parties or those in privity with the parties, and the issues presented in the subsequent case were or could have been decided in the prior case." *Duncan v Michigan*, 300 Mich App 176, 194; 832 NW2d 761 (2013) (ordinals omitted). "In addition, res judicata bars relitigation of claims that are based on the same transaction or events as a prior suit." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 11; 672 NW2d 351 (2003) (quotation marks and citation omitted). " 'Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit . . . .' " *Adair v State*, 470 Mich 105, 125; 680 NW2d 386 (2004), quoting 46 Am Jur 2d, Judgments § 533, p 801 (emphasis omitted).

Petitioners argue that the circuit court's order in the divorce proceedings denying Gretchen Haist's motion to hold Dennis Haist in contempt, to compel compliance with the JOD, and for disgorgement was not a final decision. Petitioners cite *Reich v State*, 43 Mich App 284; 204 NW2d 226 (1972) (*Reich II*), in support of their argument that a decision is not considered to be final if it dismissed an action because of procedural error in the plaintiff's filings. At issue in *Reich II* was

whether the plaintiff's action was barred by the applicable statute of limitations. *Id*. at 288. The trial court dismissed plaintiff's action because he had failed to comply with certain procedural requirements. *Reich v Michigan*, 5 Mich App 509, 512; 147 NW2d 431 (1967) (*Reich I*). This Court affirmed. *Id*. at 513. The plaintiff then filed a second action that remedied the deficiencies. *Reich II*, 43 Mich App at 289-290. The plaintiff was awarded damages, and the defendant appealed. *Id*. at 285-286. One of the defendant's arguments was that the second claim was barred by *Reich I*. *Id*. at 289. *Reich II* explained that *Reich I* only ruled that the claim could not be maintained because the plaintiff did not satisfy the procedural prerequisites. *Id*. Therefore, *Reich I* was "not Res judicata of the meritorious issues adjudicated by the Court of Claims in the present action." *Id*. at 289-290.

*Reich II* is inapposite. The circuit court did not deny Haist's motion filed in the divorce proceeding because of procedural problems in the filings. Rather, the court disposed of all of Haist's claims because they lacked merit. The circuit court ruled that petitioners had not proved their claim of fraud and that the JOD clearly identified the date on which valuation for purposes of division would be made, which was subsequent to the entry of the TRO.

Moreover, the appeal in Docket No. 360376 was not dismissed because Dennis Haist had died. It was dismissed because Haist took no action within the time prescribed in MCR 2.202(A)(1) to substitute a proper party. *Haist*, unpub order (Docket No. 360376). The time for Gretchen Haist to pursue any other avenue of appellate relief in Michigan courts in that case has expired. A decision is final for purposes of res judicata "when all appeals have been exhausted or when the time for taking an appeal has passed." *Cantwell v Southfield (After Remand)*, 105 Mich App 425, 429-430; 306 NW2d 538 (1981).

Clearly, Haist was a party to the prior litigation, and the issues presented in this case are the same issues she presented in the prior case. Haist argues that she is a judgment creditor and therefore an interested person pursuant to MCL 700.1105(c) who can seek to compel a person to appear and face examination by a court regarding an allegation that the "person is suspected of having, or has knowledge that another may have, concealed, embezzled, conveyed away, or disposed of the trustee's, decedent's, or ward's property." MCL 700.1205(1)(a) and (b). Notably, the financial obligation she now claims is owed to her as a purported judgment creditor is the same financial obligation she claimed was owed to her under the terms of the JOD. The only difference is that she is now seeking to recover those funds from respondents, and they are in privity with the decedent because they are the only devisees under the August 31, 2021 will. See 31 CJS, Estoppel and Waiver, § 68, p 410 ("Heirs and devisees are in privity with the ancestor or testator and may urge an estoppel arising in their favor."). In summary, we find the trial court properly concluded that res judicata barred petitioners' claims.

## D. SANCTIONS

Finally, we reject petitioners' argument that the probate court erred by awarding respondents sanctions for petitioners' filing frivolous claims. To date, the probate court had yet to rule on the issue after taking it under advisement on September 27, 2023. Accordingly,

the argument is premature.  *See Bowers v Bowers,* 216 Mich App 491, 495; 549 NW2d 592 (1996) ("As a general rule, appellate review is limited to issues decided by the trial court.").

Affirmed.

/s/ Kathleen A. Feeney
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron